REICHERT, Appellant, vs. NEACY and others, Respondents.

*October 30—November 17, 1914.*

*Conspiracy: Malicious prosecution of taxpayer's action: Probable cause: Advice of counsel.*

1. A taxpayer who suspected that a contract for the purchase of land by the county was tainted with fraud employed an attorney to investigate and report as to the facts and the law. Upon a report from such attorney advising him that the contract was probably fraudulent and illegal he commenced a taxpayer's action to prevent the purchase, and the district attorney of the county afterwards joined in the prosecution of such action. Upon trial the action was dismissed on the ground that, although the price to be paid was exorbitant, the contract was not illegal and the evidence was not sufficient to establish fraud. In an action by the vendor of the land against the taxpayer and the attorneys for conspiracy to injure and for malicious prosecution of the taxpayer's action, it is *held* that such dismissal of the taxpayer's action did not show that there was a want of probable cause for commencing it.

2. It appearing affirmatively in said action by the vendor that the taxpayer had probable cause for his action and that he acted under advice of counsel, and there being no evidence of ulterior purpose or that defendants had colluded together to injure the vendor, the court properly directed a verdict for defendants.

APPEAL from a judgment of the circuit court for Milwaukee county: CHESTER A. FOWLER, Judge.  *Affirmed.*

Action for damages caused, as claimed, by an executed conspiracy to injure 'plaintiff in his property rights.  Upon the evidence the trial court held that there was no proof, worthy of consideration by a jury, either as to the act complained of being unlawful or there having been any unlawful means used to effect it, or that plaintiff was damaged in his property rights by the conduct of defendants.

The evidence discloses this: Plaintiff contracted with Milwaukee county to sell thereto, for public purposes, some real estate owned by him.  Before consummation of the deal circumstances came to the attention of defendant *Neacy,*—a very heavy taxpayer of the county, leading him to believe such transaction to be characterized by fraud and, in any event, that it was not within county authority.  Then he directed his attorney, defendant *McMynn,* to make an investigation of the matter and report as to the law and the facts. *Mr. McMynn* investigated and reported accordingly, advising *Mr. Neacy* that there was good ground for claiming a serious wrong to the county had been committed in plaintiff's efforts, with aid of members of the county board, to sell his property to the county at the price agreed upon, and that the contract was probably tainted with fraud and illegality.  Thereupon *Mr. Neacy* directed such attorney to commence a taxpayer's action to prevent consummation of the deal.  Such proceedings occurred in the action that it was discontinued without prejudice to recommence, which was done, fraud and illegality being specifically charged.  In commencing and prosecuting the second action defendant *Baker,* in his representative capacity as assistant district attorney of Milwaukee county, joined with *Mr. McMynn* in challenging the conduct of plaintiff and the controlling factors in the county board of having committed a fraudulent and illegal act in contracting with plaintiff.  Issue was joined in respect thereto.  The

action was tried in the circuit court for Milwaukee county, resulting in a judgment of dismissal. The questions of fact involved were hotly contested through a long trial, lasting many days. After protracted and patient consideration of the evidence the judge made findings, contained in a document of many pages, to the effect that the defendants in the action had been guilty of burdening the county with an obligation to pay an exorbitant price for the land and so of having acted rather improvidently, but acquitted them of having acted illegally or fraudulently. Judgment of dismissal was rendered accordingly. In due course such judgment was affirmed here, the court considering that the evidence indicated existence of a situation worthy of presentation for judicial investigation, but that, under the rule requiring findings of a trial court on questions of fact to be adhered to on appeal, unless clearly contrary to the preponderance of evidence, and so emphatically that way as to leave little or no doubt of the truth being otherwise than found, when a different result would involve conviction of defendants of having committed a fraud rendering them liable to civil and criminal prosecution, the particular findings could not be disturbed. The history of the case is found in 144 Wis. 210, 128 N. W. 1063. *Mr. Neacy* honestly believed, when he commenced the taxpayer's action, that the public would be seriously pecuniarily injured if some such means were not used to prevent consummation of the proposed sale. He acted under the advice of a reputable attorney, *Mr. McMynn.* The latter, though opposed to the deal on moral, economic, and business grounds, acted wholly as attorney for *Mr. Neacy* and within his rights, from a professional point of view. *Mr. Baker's* motives were similar to those of *Mr. McMynn,* and what he did was done within his rights as attorney for Milwaukee county.

*Adolph Huebschmann,* for the appellant.

For the respondent *Neacy* there was a brief signed by

*Quarles, Spence & Quarles,* and oral argument by *W. C. Quarles.*

For the respondent *McMynn* there was a brief by *Harper & McMynn,* and oral argument by *R. N. McMynn.*

For the respondent *Baker* the cause was submitted on the brief of *N. L. Baker* and *W. J. Zimmers.*

MARSHALL, J.  The foregoing leaves little to be said in an opinion supporting the judgment complained of.

Plaintiff has no real grievance unless there was a malicious prosecution, in that there was no probable cause for the action to prevent consummation of the sale to the county, and that the pretended cause of action was prosecuted for some ulterior purpose; or that there was probable cause for such action and the prosecution thereof was characterized by a combination to that end by defendants for the purpose of injuring plaintiff, primarily or wholly, instead of vindicating a right.  If *Neacy* had probable cause, it matters not that he acted as he did, unless his conduct was characterized by combination with others for an ulterior purpose.  In any event, damage is essential to such an action, and want of probable cause and malice as to *Mr. Neacy,* standing alone, and a combination moved by malice, as to the defendants in general.

Those principles are quite familiar.  What one has a right to do, he may do maliciously and yet the damage to another be *damnum absque injuria.*  But two or more persons have no right to act in combination, moved by intention to injure or punish in some way rather than to vindicate a right. *Martens v. Reilly,* 109 Wis. 464, 84 N. W. 840, explained and limited.  *Randall v. Lonstorf,* 126 Wis. 147, 105 N. W. 663; *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046; *Jones v. Monson,* 137 Wis. 478, 119 N. W. 179.

Looking at the mere effort, by judicial means, to prevent consummation of the land deal between appellant and Milwaukee county, we are unable to discover evidence upon

which a well-grounded suspicion of want of probable cause can rest. The evidence in the record and the history of the case of *Neacy v. Milwaukee Co.* 144 Wis. 210, 128 N. W. 1063, fairly show, affirmatively, that *Mr. Neacy* had reasonable ground to believe that there was serious danger of a great wrong being perpetrated upon Milwaukee county, and that intervention by a taxpayer's action was the only instrumentality available to prevent it.

The action against plaintiff was not terminated, as counsel for him now insists, upon the ground that there was no evidence tending to establish the wrong alleged against him. Far from that. In weighing the evidence the trial court came to the conclusion that it was not of sufficient preponderating weight to establish the allegation of fraud. That was affirmed here, and somewhat upon the ground that the case involved a charge of criminality. True, respondent failed in the prosecution, but mere failure of success of litigation does not furnish any ground to charge want of probable cause for commencing it. If that were not so, the result of every lawsuit would give rise to an action for malicious prosecution.

*Mr. Neacy* seems to have had his suspicions aroused by circumstances which were well calculated to have that effect. He then proceeded with commendable care to find out whether there was a substantial basis for believing what he suspected might be the situation. He took the most natural and common method to that end, in employing a competent, reputable attorney to make an investigation, as to both the law and the facts, and report his conclusions, and by proceeding with deliberation on faith therein. In doing so he acted within his rights in commencing the action.

It is not only the right of a taxpayer to appeal to the courts, as *Mr. Neacy* did, but it is laudable to do so. That is often the only way in which taxpayers can obtain protection against wrongful conduct of public officers. If the mere unsuccessful use of such remedy, would support such an action as this,

means so often and efficiently resorted to for preventing or re-dressing a wrong to the public, would be of little use.    There is no such danger.

On the subject of whether there was evidence tending to prove that defendants colluded together to injure appellant by commencing and prosecuting the *Neacy* action, and so they are guilty of an actionable wrong, whether the com-mencement and prosecution of the case was by itself lawful or not, we are unable to find any evidence.    There is nothing in the record showing that *Mr. McMynn* acted otherwise than fairly in his professional capacity, or that *Mr. Baker,* in joining with him, did not proceed within his field of discre-tion as a public officer.    There was nothing particularly un-usual on the part of respondents, from the beginning to the end of the litigation.    The three joined,—*Mr. Neacy* as party, *Mr. McMynn* as his attorney, and *Mr. Baker* as assistant dis-trict attorney of the county, in commencing and prosecuting the action, for the sole purpose, so far as there is anything in the record to show, of preventing consummation of the real-estate deal between appellant and the county, which they be-lieved, and had fair ground to believe, was illegal.    That be-ing the case, the trial court could not well have made any other disposition of the case than was done.

*By the Court.*—Judgment affirmed.